IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| **LIBERTARIAN PARTY OF OHIO, KEVIN KNEDLER, and MICHAEL JOHNSTON** | : : : | Case No. 2:11-CV-722 |
| Plaintiffs, | : : | |
| v. | : : : | JUDGE ALGENON L. MARBLEY |
| JON HUSTED, | : : | MAGISTRATE JUDGE NORAH KING |
| Defendant. | : : : | |

## ORDER GRANTING MOTION TO INTERVENE

This matter comes before the Motion to Intervene filed by the Ohio General Assembly (the "General Assembly"). (Dkt. 15.) In the pendency of the General Assembly's Motion, it filed a notice of appeal to the Sixth Circuit for review of this Court's September 7, 2011, Order granting Plaintiffs' Motion for Preliminary Relief. Upon the General Assembly's oral request, the Court granted leave for counsel to appear on its behalf at the October 17, 2011 hearing on Plaintiffs' subsequent Motion to Compel Expedited Relief. (Dkt. 18.) Neither counsel for Plaintiffs nor for Defendant Husted objected to the General Assembly's appearance at that hearing. Plaintiff's response to the General Assembly's motion to intervene, however, attacks the General Assembly's request as untimely.

The General Assembly requests the ability to intervene in the event that Defendant Husted declines to appeal the Court's preliminary injunction decision. Under Fed. R. Civ. P. 24(a), "[o]n timely motion, the court must permit anyone to intervene who:

(1) is given an unconditional right to intervene by a federal statute; or

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."

The General Assembly asserts that 28 U.S.C. 2403(b) provides a statutory right of the Ohio Attorney General to intervene on its behalf.  Section 2403(b), however, only provides an absolute right to intervene in a "proceeding . . . to which a State or any agency, officer, or employee thereof is not a party."  Defendant Husted is the Secretary of State, and an officer of the State of Ohio.  Section 2403(b) therefore does not apply in this case to allow the General Assembly to intervene unconditionally to defend the constitutionality of its laws in this case.

However, the Court finds that under Fed. R. Civ. P. 24(a)(2), the General Assembly should be allowed to intervene as a matter of discretion.  Because Defendant Husted did not appeal this Court's order granting Plaintiffs' requested preliminary relief from Defendant Husted's enforcing H.B. 194's changes to O.R.C. §§ 3501.01 and 3517.01, and because the Court's subsequent *nunc pro tunc* Order reaffirmed that the September 7, 2011, Order requires that the LPO be permitted to appear on the ballot for the November 2012 election as well as the now-passed November 2011 election, the General Assembly has a continuing manifest interest in the case which is not being adequately represented by Defendant Husted.

The General Assembly's Motion is **GRANTED**, and it is hereby permitted to intervene as a Defendant in this action.

**IT IS SO ORDERED.**

      <u>s/Algenon L. Marbley</u>
      Algenon L. Marbley
      United States District Judge

**Dated: March 12, 2012**